**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:12-cv-128-RJC**

| | |
|---|---|
| **DENNIS ROGER VANDYKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     **ORDER** |
| **CHRIS FRANCIS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

    **THIS MATTER** is before the Court on a review of Plaintiff's Application to Proceed

Without Prepayment of Fees or Costs, (Doc. No. 1-1), and a review of Plaintiff's Complaint,

filed under 42 U.S.C. § 1983, (Doc. No. 1).  28 U.S.C. §§ 1915; 1915A.

    Plaintiff is currently a prisoner incarcerated in the Rutherford County Jail.  The Court

notes that Plaintiff is a frequent, if not record, filer of pro se lawsuits in this district.  A review of

Plaintiff's history within this district reveals he has filed no less than twenty-three (23) lawsuits

in this court, at least fifteen (15) of which were complaints filed under 42 U.S.C. § 1983, with

fifteen (15) accompanying applications to proceed *in forma pauperis*.  On August 1, 2006, the

Honorable Graham C. Mullen provided an overview of Plaintiff's allegations in eight (8) of

these complaints and made the following findings and warning in an order granting defendants'

motion for summary judgment:

> On June 21, 2006 alone, Plaintiff filed five separate Complaints requiring this
> Court's time and resources.  All five of those Complaints were dismissed on
> initial review for failure to state a claim for relief, frivolousness, or failure to file
> in the proper district.  Plaintiff's frequent filings are abusive in that they each
> require significant time and attention from the Court's legal staff that could be
> better served on cases that state legitimate constitutional violations.  Plaintiff is
> put on notice that because he has had at least three cases dismissed, in this district
> alone, as frivolous or for failure to state a claim upon which relief may be

> granted, <u>he may not file future civil actions or appeal a judgment in a civil</u>
> <u>proceeding under 28 U.S.C. § 1915 in any federal district</u> unless he is under
> imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

(Case No. 1:05-cv-357, Doc. No. 31 at 4) (emphasis in original).  Plaintiff appealed, and the

United States Court of Appeals for the Fourth Circuit affirmed summary judgment for the

defendants for the reasons stated in Judge Mullen's Order.  <u>VanDyke v. Officer O'Donnell, et</u>

<u>al.</u>, No. 06-7454 (4th Cir. Mar. 27, 2007); (Case No. 1:05-cv-357, Doc. No. 39).

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of

this Court's initial review of Plaintiff's Complaint.  <u>See</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574,

596 (1998) (discussing the Prisoner Litigation Reform Act ("PLRA")).  Section 1915(g)

provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

At least three of Plaintiff's previous complaints were dismissed on the grounds that they were

frivolous or failed to state a claim upon which relief may be granted.  <u>See, e.g.</u>, (Case Nos. 1:05-

cv-357-GCM; 1:06-cv-172-GCM; 1:06-cv-200-GCM; 1:12-cv-113-RJC).

This Court has examined Plaintiff's Complaint, (Doc. No. 1), and finds that Plaintiff's

Complaint fails to demonstrate that he "is under imminent danger of serious physical injury" as

required by § 1915(g) of the PLRA.  Plaintiff alleges that he is being denied "mental court

ordered mental medications" but does state that this alleged deprivation has, or will likely lead

to, imminent serious physical injury.  Plaintiff is subject to § 1915(g)'s bar to filing civil actions

under the PLRA without prepayment of the filing fee and is not under imminent danger of

serious physical injury. While the Clerk of Court correctly found that Plaintiff could not afford to prepay the fees and costs in this action, see (Doc. No. 3), pursuant to 28 U.S.C. § 1915(g), Plaintiff's Application to Proceed *in forma pauperis* must be **DENIED**. This Court will **DISMISS** Plaintiff's Complaint without prejudice to his ability to re-file with prepayment of the filing fee.

Regarding Plaintiff's abusive filings, the Court finds that it must take some limited action to protect itself from Plaintiff's disregard for its time and other dwindling resources. The Court does not lightly consider the imposition of a pre-filing review system upon Plaintiff: "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). The use of such a measure against a pro se litigant should be approached with particular care. Id. at 818. In Cromer, the Court identified a test for determining whether to impose limitations on a litigant's access to the Courts. Id. The Court must:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

As to the foregoing factors, the Court has already outlined Plaintiff's history of filings in

3

this judicial District, which reflects a lack of respect for the judicial process. Plaintiff lacked a good faith basis for filing most, if not all, of his complaints. Despite being told by Judge Mullen on August 1, 2006, (Case No. 1:05-cv-357, Doc. No. 31), and by the Fourth Circuit on July 11, 2007, (Case No. 1:06-cv-00192, Doc. Nos. 13; 14), that he was subject to § 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee, Plaintiff continues to file meritless lawsuits accompanied by applications to proceed without prepaying the filing fee.

The Court finds that Plaintiff's filings constitute harassment. They have caused the Court to expend considerable resources. Based upon these circumstances, the Court concludes that Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before considering a pre-filing limitation, Plaintiff is offered an opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Black, 2011 WL 102727, at * 1 (Before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter."). In the event Plaintiff fails to articulate a reason why that system should not be imposed, the Court will enter an Order directing that all documents submitted by Plaintiff in the future be pre-screened for content. The Court will review all of Plaintiff's intended filings. Any such document that is not made in good faith or which does not contain substance or merit, will be returned to Plaintiff without further explanation. Such a system will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions.

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Application to Proceed *in forma pauperis,* (Doc. No. 1-1), is **DENIED**;

2.    Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**; and

3.    Within **fourteen (14) days** of the entry of this Order, Plaintiff shall file a single

       document, not to exceed more than three single-spaced pages, succinctly

       explaining why he believes the Court should not impose the above-described pre-

       filing review system.  **Plaintiff is expressly warned that his failure to fully**

       **comply with this directive will result in the Court's imposition of the subject**

       **pre-filing review system.**


                         Signed: July 3, 2012


                         Robert J. Conrad, Jr.
                         Chief United States District Judge